JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHIN AMINILARI,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ELISA GOMEZ and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO. CV 14-3093 ABC (PJWx)<br><br>ORDER REMANDING CASE TO STATE COURT |

　　　On April 23, 2014, *pro se* Defendant Elisa Gomez, having been sued in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action to this Court. (Docket No. 1.) For the reasons set forth below, the Court **REMANDS** this case for lack of subject matter jurisdiction.

　　　As a routine unlawful detainer action, Plaintiff could not have brought this action in federal court initially because the complaint does not competently allege facts creating subject matter jurisdiction, rendering removal improper. 28 U.S.C. §1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). First, the Complaint for unlawful detainer does not give rise to a federal question. *See* 28 U.S.C. §§ 1331, 1441(b). Defendant's Notice of Removal asserts that "Plaintiff's claim is based upon a notice which expressly references and

incorporates the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201. (Docket No. 1 at 2.) That statute, however, is not implicated by Plaintiff's Complaint, which is limited to a claim for unlawful detainer. To the extent Defendant seeks to assert the "Protecting Tenants at Foreclosure Act" as a potential defense or counterclaim, neither are considered in evaluating whether a federal question appears on the face of a complaint. <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 50 (2009) (federal jurisdiction cannot "rest upon an actual or anticipated counterclaim"); <u>Valles v. Ivy Hill Corp.</u>, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

Second, the amount in controversy is under $10,000 in this limited civil case, and therefore does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b).

Accordingly, the Court (1) **REMANDS** this case to the Superior Court of California, County of San Luis Obispo, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) **ORDERS** the Clerk to send a certified copy of this Order to the state court; and (3) **ORDERS** the Clerk to serve copies of this Order on the parties.

**IT IS SO ORDERED.**

DATED: April 28, 2014

AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE